**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 21-10943-tmd** |
| **WC 511 BARTON BLVD, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

**TRUSTEE'S REPORT OF CASE STATUS AND PRESENTLY CONTEMPLATED REMAINING ESTATE ADMINISTRATION**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

Randolph N. Osherow, not individually but in his capacity as the duly appointed chapter 7 trustee (in such capacity, the "Trustee"), for and on behalf of WC 511 Barton Blvd, LLC (the "Debtor"), under the above-captioned bankruptcy case ("Bankruptcy Case") files this *Trustee's Report of Case Status and Presently Contemplated Remaining Administration* (this "Report"), and in support hereof respectfully states as follows:

## I. BACKGROUND

1. On December 7, 2021 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing its voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). By Order dated March 29, 2022, the Court directed the United States Trustee ("UST") to select and appoint a chapter 11 trustee to oversee the administration of the Debtor's Estate and to operate and manage the Debtor's business and properties. The Trustee was selected as chapter 11 trustee herein, which selection was ratified and approved by the Court on March 31, 2022.

2. On May 19, 2022, at the Trustee's request this Court ordered the conversion of the Bankruptcy Case to one under chapter 7 of the Bankruptcy Code [Docket No. 126], and the Trustee was then appointed as chapter 7 trustee [Docket No. 127].

3. On October 24, 2022, this Court held a hearing to consider: (i) this Court's Order to Show Cause [Docket No. 231]; (ii) the Debtor's Objection to Proofs of Claim Filed by Seth Kretzer [Claim Nos. 5 and 6] [Docket No. 262][1]; and (iii) a status conference on the Debtor's Motion for Summary Judgment on Debtor's Objection to Proof of Claim of Seth Kretzer, Receiver [Docket No. 263].

4. At the October 24, 2022, hearing, this Court directed the Trustee to file with the Court a short report of the current, material status of administration of this Bankruptcy Case, and of the remaining administration of the bankruptcy estate ("Estate") presently contemplated by the Trustee.

5. The Trustee now submits his corresponding Report, as follows:

## II. STATUS OF LIQUIDATION OF ESTATE'S INTERESTS IN PROPERTY

6. This Bankruptcy Case was filed as a single asset real estate case. *See* Amended Voluntary Petition [Docket No. 3], No. 7.

7. Following conversion of the case, on July 8, 2022, this Court entered an order authorizing the sale of the Estate's real property asset and related property [Docket No. 195] ("Sale Order"), and pursuant thereto, the Trustee successfully closed the approved $25.1 million sale transaction with Rising Tide Investments, LLC, an entity affiliated with the Debtor, as buyer. *See* Trustee's Report of Sale of Real Property Located at 511 Barton Blvd, Austin, TX 78704 [Docket No. 201].

8. The Debtor scheduled only one other asset, a $500 security deposit with the City of "Austic" [sic]. *See* Schedule A/B [Docket No. 12], No, 7.

[1] *See also* Debtor's Motion to Strike Proof of Claim [Docket No. 144].

9. As of the date of filing of this Report, there remain no other known assets of the Estate that remain unliquidated.

## III. AVAILABLE CASH

10. As of the date of filing of this Report, and subject to accrued and unaccrued, unpaid liabilities of the Estate, the Estate's current cash position in the Trustee's possession, is $20,324,605.92.

## IV. CLAIMS AND PENDING / ANTICIPATED OBJECTIONS

### A. Administrative Expense Liability Claims

11. The Trustee has been paid for his allowed compensation and expenses, on an interim basis, through July 14, 2022.

12. The Trustee's bankruptcy counsel, Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), has been paid for its fees and services incurred and allowed, on an interim basis, through July 31, 2022. On November 14, 2022 [Docket No. 276], Munsch Hardt filed its *Second Interim Application of Munsch Hardt Kopf & Harr, P.C. for the Allowance of Fees and Reimbursement of Expenses as General Bankruptcy Counsel to the Trustee and Request for Payment of Same* (seeking fees in the amount of $14,541.00; and expenses in the amount of $77.10).

13. The official Claims Register maintained by the Court for this Bankruptcy Case ("Claims Register") includes Proof of Claim No. 7-1 by the Texas Comptroller of Public Accounts ("Comptroller"), asserting an administrative expense priority claim in the estimated but continually accruing amount of $400,000.00. Based on discussions with counsel for the Comptroller, and for the Debtor, this is an enterprise franchise tax liability obligation that, to the extent owed, is owed, in the aggregate, by numerous entities including the Debtor and certain affiliates, who make franchise tax reports on a consolidated basis. The Trustee understands that the Comptroller requires the submission of an appropriate franchise tax report including the Debtor in order to

liquidate this obligation, and that the Debtor and its affiliates are in the process of preparing such report(s) for submission in order to liquidate this claim, but as of the time of filing of this Report, such franchise tax report remains outstanding.

14. The Trustee anticipates the need to further apply for allowed, interim and/or final compensation and reimbursement to and for the Trustee and Munsch Hardt. The Trustee reserves all of his rights to also seek reasonable compensation and reimbursement, as may be appropriate under the particular circumstances, for the disbursement of Estate proceeds to the Debtor's equity interest holders.

15. The Estate is current on statutory fees due to the United States Trustee.

16. As the Debtor is a pass-through entity for tax purposes that makes tax reporting on a consolidated basis, the Estate has no corresponding obligation to file its own tax return(s).

17. The Trustee currently is unaware of other unresolved administrative expense priority claims, but observes that no professional has filed any application for compensation or reimbursement for its provision of services to or for the Debtor prior to the Trustee's appointment..

**B. Scheduled Claims**

18. Where a scheduled claim is scheduled C/U/D, it is not included in this analysis but if a corresponding filed claim has been asserted it is addressed below (under Filed Claims). Similarly, where a filed claim relates to a scheduled claim, the scheduled claim is considered previously disallowed for purposes of this Report, as superseded by the filed claim.

19. Secured Claims. There currently exists no remaining, unadministered, scheduled secured claims against the Estate.

20. Priority Claims. There currently exists no remaining, unadministered, scheduled priority claims against the Estate.

21. General Unsecured Claims. This Report presumes that the Debtor does not dispute claims it has scheduled in a liquidated amount (and not scheduled as C/U/D). There currently exist only two (2) general unsecured claims scheduled by the Debtor in a specific amount that have not been disallowed, paid, withdrawn, superseded by filing, or otherwise fully administered, and aggregating $6,835.28.

**C. Filed Claims**

22. On November 14, 2022, this Court entered its order disallowing Claim Nos. 5-3 and 6-1, both asserted by Seth Kretzer, receiver [Docket No. 275].

23. In addition to the Comptroller's administrative expense priority claim addressed above, the Claims Register also reflects the filing of three (3) claims – all asserted as nonpriority general unsecured claims – that have not previously been disallowed, paid, withdrawn, superseded by an amended claim, or otherwise fully administered. Together with the Trustee's understanding of whether such claims are disputed, they are as follows:

| No. | Creditor | Basis | Amount | Disputed? |
|---|---|---|---|---|
| 3-1 | City of Austin / Austin Energy | Utilities | $7,862.00 | No |
| 8-1 | City of Austin / Austin Energy | Utilities[2] | $407.54 | No |
| 12-1 | Jeremy D. Stoler Living Trust, Dated February 8, 2007 | Funds Advanced | $516,000.00 | Yes |

24. As discussed below, Claim No. 12-1 is asserted alternatively to the holder's asserted equity interest in the Debtor. The aggregate balance of such claims, including Claim No. 12-1, is $524,269.54. In addition, holders of allowed general unsecured claims are also

[2] A review of the documentation filed with Claim Nos. 4-1 and 12-1 indicates that the claims are not duplicative, and assert amounts for different charges.

entitled to receive post-petition interest on account of their claims when a debtor's estate proves to be solvent in bankruptcy. *See Ultra Petro. Corp. v. Ad Hoc Comm. of OpCo Unsecured Creditors (In re Ultra Petro. Corp.)*, 2022 U.S. App. LEXIS 28604, *19–31 (5th Cir. Oct. 14, 2022) (solvent debtor exception provides for the payment of unmatured interest on account of unsecured claims).

25. Accordingly, on October 31 and November 2, 2022 [Docket Nos. 272, 274], the Trustee filed his requests to pay claim Nos. 3-1 ($7,862.00) and 8-1 ($407.50), with interest thereon to the date(s) of payment, at the applicable federal judgment rate.

**D. Equity Interests**

26. Claim No. 11-1 in the Claims Register asserts a 36.9% equity interest in the Debtor by the Jeremy D. Stoler Living Trust, Dated February 8, 2007. On October 21, 2022, the Debtor objected to this proof of interest. *See* Docket No. 268. The objection remains pending and unresolved. The Trustee is informed that the Debtor's equity holders may include a number of additional investors (these are believed to be investors in World Class Holdings, LLC, as the Debtor is single member limited liability company).[3]

27. Accordingly, because this Estate is a chapter 7 estate that appears solvent and under which the Debtor will cease to exist, the Trustee ultimately will need to know the Debtor's equity interest holders and their contact information in connection with any equity disbursement to be made in this Bankruptcy Case, in order to provide them with prior notice of any proposed distribution of surplus under 11 U.S.C. §716(a)(6). Although the Trustee previously understood that the Debtor was willing to provide a sworn disclosure of its upstream equity interest holders

[3] Statement of Financial Affairs [Docket No. 12], No. 28.

and their contact information, based on his most recent discussions with the Debtor, the Trustee understands that the Debtor is not willing to voluntarily provide these disclosures.

## V. STATUS OF ESTATE LITIGATION

28. As of the date of filing of this report, there are no pending adversary proceedings nor litigation in any other known forum involving the Debtor or its Estate.

29. Following his consultation with the Debtor, the Trustee anticipates no other cause of action belonging to the Estate that must be liquidated prior to the closing of the Bankruptcy Case.

## VI. PENDING / ANTICIPATED OTHER CONTESTED MATTERS

### A. Other Contested Matters

30. Other than the various matters and potential matters addressed above, there remain no other pending and unresolved contested matters. As of the date of filing of this Report, the Trustee does not presently anticipate any other potential contested matters disputes that must be resolved in order to complete the administration of this Bankruptcy Case and Estate.

## VI. CONCLUSION

31. This Report is based on the Trustee's most recent review and analysis of the Debtor's Schedules, his official ledger maintained for the Estate, and the official Docket, his investigation of the Debtor and its Estate and consultation with the Debtor and other parties in interest to date, and the current facts circumstances within the Trustee's actual knowledge. This analysis is intended for informational purposes only, and the Trustee reserves all of his rights to amend, revise, withdraw, and/or supplement this Report, and further reserves all of his and the Estate's rights to object to any and all claims and/or to otherwise seek to administer any and all claims and any other matters implicating the Estate.

Dated: November 15, 2022

Respectfully submitted,

By: */s/ Jay H. Ong*

Jay H. Ong
Texas Bar No. 24028756
Thanhan Nguyen
Texas Bar No. 24118479
MUNSCH HARDT KOPF & HARR, P.C.
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
Email: jong@munsch.com
anguyen@munsch.com

**Counsel For Randolph N. Osherow, Chapter 7 Trustee**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 15th day of November 2022, he personally caused true and correct copies of the foregoing pleading, together with all exhibits thereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system, and on the parties shown on the attached service list, via first class U.S. Mail.

*/s/ Thanhan Nguyen*
Thanhan Nguyen

Label Matrix for local noticing
0542-1
Case 21-10943-tmd
Western District of Texas
Austin
Tue Nov 15 14:24:22 CST 2022

WC 511 Barton Blvd, LLC
814 Lavaca St.
Autsin, TX 78701-2316

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

Abigail O'Brient
2029 Century Park E, Ste 3100
Los Angeles, CA 90067-3044

City of Austin
PO Box 2267
Austin, TX 78783-2267

City of Austin DBA Austin Energy
4815 Mueller Blvd
Austin, TX 78723-3573

Comptroller of Public Accounts
C/O Office of the Attorney General
Bankruptcy - Collections Division MC-008
PO Box 12548
Austin TX 78711-2548

James W. Volberding
110 N. College Avenue, Suite 1850
Tyler, TX 75702-7370

Jeremy D. Stoler Living Trust
c/o Jeremy D. Stoler (Trustee)
2407 River Hills Road
Austin, TX 78733-2132

Jeremy D. Stoler Living Trust
c/o Meritt Crosby
5956 Sherry Lane, 20th Floor
Dallas, TX 75225-6519

Jeremy Stoler
2407 River Hills Road
Austin, TX 78733-2132

John C. Roy
DOJ-Ust
903 San Jacinto Blvd., Room 230
Austin, TX 78701-2450

Julia Clarke, CPA
1700 West Avenue
Austin, TX 78701-1037

Kimberly A. Walsh
Assistant Attorney General
Bankruptcy & Collections Division MC 008
P.O. Box 12548
Austin, Texas 78711-2548

Lynnette R. Warman
Culhane Meadows PLLC General Mail
13101 Preston Rd, Ste 110-1500
Dallas, TX 75240-5237

MRP Menlo Equities LLC
c/o Abigail O'Brient
Mintz, Levin, Cohn, Ferris, et al.
2049 Century Park East, Ste 300
Los Angeles, CA 90067-3105

MRP Menlo Equities LLC
c/o J. Frasher Murphy
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219-7673

MRP Menlo Equities LLC
c/o Jordan Chavez
Haynes and Boone, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219-7673

MRP Menlo Equities LLC
c/o Timothy J. McKeon
Mintz, Levin, Cohn, Ferris, et al.
One Financial Center
Boston, MA 02111-2657

Meritt Crosby
Quadros, Migl & Crosby
6060 N Central Expy, Ste 512
Dallas, TX 75206-5206

NAI ATX, LLC
5900 Balcones Drive, Suite 100
Austin, TX 78731-4298

NIA ATX LLC
2450 Wickersham Lane Suite 202
Austin, TX 78741-4744

NIA ATX LLC
c/o Morris E Trey White III
Villa & White LLP
1100 NW Loop 410 #802
San Antonio Texas 78213-2259

Randolph N. Osherow
c/o Jay H. Ong
Munsch Hardt Kopf & Harr, PC
1717 West 6th Street, Suite 250
Austin, TX 78703-4777

Rising Tide Investments, LLC
c/o Stephen A Roberts
Stephen A Roberts, PC
1400 Marshall Ln
Austin, Tx 78703-3407

Security State Bank & Trust
c/o Mike Dooley
501 Landa Street
New Braunfels, TX 78130-6109

Security State Bank & Trust
c/o Natalie Wilson
Langley & Banack, Inc.
745 E. Mulberry, Suite 700
San Antonio, TX 78212-3172

Security State Bank & Trust
c/o Robert L. Barrows
Langley & Banack, Inc.
745 E. Mulberry, Suite 700
San Antonio, TX 78212-3172

Seth Kretzer
c/o Lynnette Warman
Culhane Meadows PLLC
13101 Preston Rd., Suite 110-1593
Dallas, TX 75240-5237

Seth Kretzer as Receiver for GVS and WCCG
9119 South Gessner, Ste. 105
Houston, TX 77074-2845

Seth Kretzer, Receiver
c/o Lynnette R. Warman
CULHANE MEADOWS PLLC
13101 Preston Rd., Suite 110-1593
Dallas, TX 75240-5237

Travis County
c/o Jason A. Starks
P.O. Box 1748
Austin, TX 78767-1748

United States Trustee
903 San Jacinto Blvd., Room 230
Austin, TX 78701-2450

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

West Texas Stone Solutions
5206 Orsini Bluffs
Round Rock, TX 78665
5661906. 78665-2485

Randolph N Osherow
342 W Woodlawn, Suite 100
San Antonio, TX 78212-3314

Ron Satija
Hayward PLLC
7600 Burnet Road
Ste 530
Austin, TX 78757-1269

Todd Brice Headden
Hayward PLLC
901 Mopac Expressway South
Building 1, Suite 300
Austin, TX 78746-5776

End of Label Matrix
Mailable recipients 37
Bypassed recipients 0
Total 37